UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. MCCULLOM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JHON KEEN,<br><br>　　　　Defendant. | Case No. 21-01172 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner currently confined at the Santa Rita Jail in Dublin, California, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Chief Probation Officer "Jhon Keen"[1] of the San Mateo County Probation Department. Dkt. Not. 4. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

///

///

///

---

[1] Plaintiff spells Defendant's name as "Jhon Keen," but the proper name for the Chief Probation Officer for the County of San Mateo, according to the County's website, is "John Keene." https://probation.smcgov.org/profile/john-keene-chief-probation-officer

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff's handwritten complaint is over 25 pages long and contains allegations that are disorganized and incoherent. Dkt. No. 4. For example, he begins with alleging that Judge Paul Delucchi "enjoys 100% immunity from civil law suit in equity" and yet accuses him of facilitating some act of malfeasance by "Jhon Keen," the Chief Probation Officer of San Mateo County. Dkt. No. 4 at 2-3. Some of Plaintiff's subsequent allegations include the following: that officers of the Oakland Police Department fabricated police reports and procured perjured statements, *id.* at 3; that information regarding a plea bargain agreement has been inaccurately retained in the "computer data base," Dkt. No. 4-1 at 1, 6; illegal search and seizure, *id.* at 9; unlawful solicitations for his murder for hire on the dark web, *id.* at 11; discrimination in housing placement, *id.* at 13; and wrongful acts by officers of the Livermore Police Department in connection with the death of a "young lady killed in a train accident," *id.* at 15, 18. Plaintiff seeks exemplary damages, as well as compensatory and punitive damages. Dkt. No. 4 at 3.

2

There are several problems with this complaint. First of all, none of these claims are sufficiently plead for the Court to discern a cognizable claim under § 1983, especially against the sole named defendant, Mr. Keen. In addition, none of the allegations are obviously related, and therefore the complaint appears to violate Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)). Rule 20(a) provides that parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Secondly, the references to various criminal convictions indicate that the related claim for damages may possibly be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions who unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus). A claim for damages bearing that relationship

3

to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

Lastly, Plaintiff's sole defendant is a probation officer, but it is unclear from the complaint how Mr. Keene violated Plaintiff's constitutional or federal rights. Furthermore, the Ninth Circuit has held that probation officers possess an absolute judicial immunity from damage suits under § 1983 for official functions bearing a close association to the judicial process. *Demoran v. Witt*, 781 F.2d 155, 156-58 (9th Cir. 1985) (immunity for preparing reports for use by state courts). The United States Supreme Court has taken a "functional approach" to the question of whether absolute immunity applies in a given situation, meaning that it looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). Thus, state actors are granted absolute immunity from damages liability in suits under § 1983 only for actions taken while performing a duty functionally comparable to one for which officials were immune at common law. *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003). Depending on whether the probation officer's actions which gave rise to the suit are sufficiently similar to those for which absolute immunity was granted at common law, e.g., judges, prosecutors, trial witnesses, and jurors, a probation officer may or may not be absolutely immune under *Demoran*.

Plaintiff shall be granted one opportunity to file an amended complaint to cure the deficiencies discussed above. Plaintiff must comply with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. Furthermore, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

4

U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 21-01172 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

5

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __June 28, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.21\01172McCullom_dwlta